[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16391
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20315-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAMILET LUGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Yamilet Lugo appeals her 30-month sentence for health care fraud, in

violation of 18 U.S.C. § 1347. This sentence reflects a downward variance from the applicable guideline range of 36-46 months. Lugo argues that the district clearly erred in denying her request for a two-level minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b). Because the district court did not clearly err in denying Lugo's request for a two-level minor-role reduction, we affirm.

Consuelo Correchet ("Correchet") owned and operated Patient Care DME, Inc. ("Patient Care"), and she directed the activities of several durable medical equipment companies, including Multi-Med Access, Inc. ("Multi-Med Access") and JFK Complete Medical, Inc. ("JFK Complete"). The purpose of the fraudulent scheme was to bill Medicare for services that were not rendered at all. Correchet recruited Mercedes Yanes ("Yanes") and the Defendant into the scheme to defraud Medicare. The Defendant was Correchet's domestic partner with whom she was raising a young child. In December 2005, the Defendant became the registered owner of JFK Complete and signed the necessary Medicare paperwork for JFK Complete to receive payments from Medicare. For her involvement in JFK Complete, the PSI held the Defendant accountable for an intended loss of $3,828,940. The district court measured the Defendant's role in this loss against the roles of Correchet and Yanes and determined that she played a less significant role than Correchet and a somewhat comparable role to Yanes.

2

Under the Sentencing Guidelines, the trial judge's determination of whether a defendant is a "minor" or "minimal" participant is a factual finding subject to the clearly erroneous standard. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The proponent of a downward role adjustment bears the burden of establishing her role in the offense by a preponderance of the evidence. *Id.* at 939. When determining a defendant's role in the offense, a district court must measure: (1) the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and (2) her role compared to that of other participants in her relevant conduct. *Id.* at 940. The district court is in the best position to make these intensely factual inquiries. *Id.* at 938.

A defendant may receive a two-level reduction if she was a minor participant – a defendant who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. §3B1.2, comment. (n.5). The determination of whether to apply a minor role adjustment "involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. §3B1.2, comment. (n.3(c)). "As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *Id.*

The district court did not clearly err in finding that the Defendant was not entitled to a minor-role reduction. The loss in this case is significant, and although the Defendant's conduct appears to have been less culpable than that of Correchet, it does not appear that she was a minor participant, as she was JFK Complete's president, she opened JFK Complete's bank accounts, and she signed the checks that furthered its fraudulent operations over a two-year period. Also, while Correchet took full responsibility at the Defendant's sentencing hearing for the fraud perpetuated by JFK Complete, the district court was free to minimize the weight it afforded this testimony based on its determination that there were other motives for Correchet's testimony. *See United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). It was well within the district court's considerable discretion to conclude that the Defendant did not play a minor role. *See De Varon*, 175 F.3d at 938. We therefore affirm the district court's denial of the Defendant's request for a minor-role reduction and the Defendant's 30-month sentence.

**AFFIRMED.**[1]

_____

[1] Appellant's request for oral argument is DENIED.